WATERS' executors *v.* McCLELLAN *et al.* (*b*)

*Fraud.—Retention of possession.—Distress.*

The mere fact that a purchaser at a judicial sale permits the former owner to retain the possession, is not a badge of fraud, in Pennsylvania.(*c*)

One who shows title under a distress for rent, need not prove that it was made upon the premises, as against third persons.

In trespass, for selling the plaintiff's cattle, under an execution against a third person, lawfully in possession, the defendant may show, in mitigation of damages, that such third person had been to an expense in feeding them, which exceeded a fair compensation for their use.

TRESPASS for goods of the testator, taken and sold by the sheriff, on an
execution issued against Dewees. The principal part of the goods were
claimed by the testator, under a distress and sale, which he had also executed

---

(*a*) The account exhibited for the whole expense of raising and repairing the brig,
amounted to 1310*l*. 8*s*. 9*d*.

(*b*) Tried in the circuit court, West Chester, 29th of May 1800, before SHIPPEN,
Chief Justice, and YEATES, Justice.

(*c*) The rule is very old, that as to third persons, possession of chattels determines
their ownership, and that all transfers of personal chattels, where the possession is not
also changed, are fraudulent in law. The decisions on this subject have been uniform
in the federal courts, and with few exceptions, the rule has been inflexibly upheld,
by the courts of the state of Pennsylvania. The rule has been equally applied whether
the contract was that of mortgage, or of absolute sale. Hamilton *v.* Russell, 1 Cr. 309;
Meeker *v.* Wilson, 1 Gallis. 419; Clow *v.* Woods, 5 S. & R. 275; Cunningham *v.* Neville, 10 Id. 201; Babb *v.* Clemson, Id. 419; Welsh *v.* Bekey, 1 P. & W. 57: as to what
is a sufficient delivery of possession, see Cameron *v.* Montgomery, 13 S. & R. 128.
(Dawes *v.* Cope, 4 Binn. 258.) If, by a contract for the sale of chattels, the vendor
and vendee agree, that the possession shall pass to the vendee, but that the property
shall remain in the vendor, until the whole purchase-money shall have been paid, such
agreement is fraudulent in law, and the goods may be taken in execution, as the property of the vendee. Martin *v.* Mathiot, 14 S. & R. 214.[1] But, after a public sale of
chattels, by process of law, they may be left in the possession of the former owner, and
they cannot be sold again for a debt due at the time of the sale, unless there is fraud
in fact. Myers *v.* Harvey, 2 P. & W. 478.[2] The delivery of possession is, however,
not necessary to the validity of an assignment, where such delivery has been rendered
impossible, by an intervening execution, before the goods could be delivered to the
assignee. Wilt *v.* Franklin, 1 Binn. 502. In what cases, transfers of chattels need not
be accompanied by a change of possession, see Meeker *v.* Wilson, and Clow *v.* Woods,
*ut supra*.

[1] Rose *v.* Story, 1 Penn. St. 190; s. P. Jenkins *v.* Eichelberger, 4 Watts 121; Hook *v.*
Linderman, 64 Penn. St. 499; Wylie's Appeal,
90 Id. 210; Stadtfield *v.* Huntsman, 92 Id. 53;
Heppe *v.* Speakman, 3 Brewst. 548; Stiles *v.*
Whitaker, 1 Phila. 271; Euwer *v.* Van Giesen,
6 W. N. C. 363; Brunswick *v.* Hoover, 10 Id.
219; Boynton *v.* Isaacs, Id. 190.

[2] Craig's Appeal, 77 Penn. St. 448; Walter
*v.* Gemant, 13 Id. 515; Maytier *v.* Atwater, 88
Id. 496; Besbing *v.* Third National Bank, 95
Id. 79; Miller *v.* Irvine, 94 Id. 405.

against Dewees; but he had left the goods in Dewees' possession for four or five years. The charge contained the following points :

SHIPPEN, Chief Justice.—1st. It is incumbent on the plaintiff, to prove his property in the goods, which were taken by the sheriff ; and to do this, he has produced evidence of a former distress and sale of the same goods, for rent due from Dewees to him. But the defendants answer, that the distress was fraudulent ; because (among other reasons) the goods were left in the possession of the debtor. In the case of a voluntary sale of goods, the law, both in Pennsylvania and England, regards the continuance of the debtor's possession as a badge of fraud. In England, the law is the same, where the sale is made by the sheriff ;(a) but in Pennsylvania, a different rule, in that case, has prevailed ; and where a relation or friend, after a fair purchase, at public sale, leaves the goods in the occupancy and use of the debtor, it never has been deemed a fraud upon creditors. As, therefore, the purchase, on the present occasion, was not by a private bill of sale ; but at an open, public vendue ; the continued possession *by Dewees [*209 does not, in the opinion of the court, justify the defendant's taking and sale.(b)

2d. It has been objected, for the defendants, that the plaintiff was bound to show, that the distress was made on the premises ; whereas, at least, a part of the goods appears to have been distrained elsewhere. However available this objection might have been, upon a replevin between the original parties, we do not think, that third persons can take advantage of it.

3d. It is urged, that there were a number of young cattle taken on the distress ; and that as these have been fed and reared, by the care and cost of Dewees, he had acquired a property in their increased value. Of the truth and operation of this allegation, the jury will consider; and if they are of opinion, that the expense of maintaining, has exceeded a fair compensation for the use of the cattle, they will make a reasonable deduction from the plaintiff's demand.

Verdict for the plaintiff.

---

(a) This was an erroneous statement ; see Sturtevant v. Ballard, 9 Johns. 342.

(b) The defendant's counsel cited the following cases on this point: 3 Co. 81 ; 2 T. R. 594, 5, 6; 1 Wils. 44. But see Levy v. Wallis, ante, p. 167–8; Chancellor v. Phillips, post, p. 213 ; United States v. Conyngham, post, p. 358 ; s. c. Wall. C. C. 178.